UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| M.H., T.B., et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 24-cv-12051 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Keri L. Holleb Hotaling |
| ALEX J. ADAMS, in his official capacity as ) | |
| the Director of Idaho Department of Health ) | |
| and Welfare, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| v. ) | |
| WORLD PROFESSIONAL ASSOCIATION ) | |
| FOR TRANSGENDER HEALTH, ) | |
| ) | |
| Third-Party Subpoena Recipient. ) | |

## ORDER

WPATH moved to quash [Dkt. 1] the Director's third-party subpoena duces tecum to it, which the Court denied to the extent the motion was premised upon the Lawful Health Care Activity Act, 735 ILCS 40/28, *et seq*. ("the Act"), and took the remaining arguments and objections under advisement [Dkts. 36, 37]. Now, following the Court's instructions at the June 12, 2025 telephonic conference [Dkt. 48], WPATH clarified its objections to the subpoena and the Director has responded to those objections [Dkt 51]. The Court heard oral arguments on those objections on June 24, 2025 and June 25, 2025, and made rulings on the same. This Order summarizes those rulings. To the extent the parties (or WPATH) have any disagreements or need any clarifications with respect to this Order, the parties should refer to the transcripts from the June 24, 2025 and June 26, 2025 hearings. The transcripts can be ordered from the Court's website.

## I. RULINGS

As discussed more fully in open court, the Court rules as follows on Respondent WPATH's objections to the Director's subpoena. The Court finds that WPATH's previously-raised objections have been preserved and can be re-raised if any documents are discovered under any of the searches ordered hereunder that would necessitate the same before production. As used below, "post SOC-8" shall mean from the publication of SOC-8 through March 15, 2023. To the extent Respondent is to perform additional searches, it shall search within its custody and control, including its Listserv as stated on the record.

**REQUEST NO. 1**

The motion to quash is granted in part and denied to the extent that Respondent is to supplement its response to Request No. 1. Respondent shall utilize the search terms utilized in *Boe v. Marshall* (hereinafter "*Boe*"), No. 2:22-cv-184-LCB (M.D. Ala), to search the WPATH "Listserv" from the SOC-8 development and publication process.

**REQUEST NO. 2**

The motion to quash is granted in part and denied to the extent that Respondent is to supplement its response to Request No. 2. Respondent shall utilize the search terms utilized in *Boe* to search the WPATH "Listserv" from the SOC-8 development and publication process.

**REQUEST NO. 3**

The motion to quash is granted in part and denied to the extent that Respondent is to supplement its response to Request No. 3. Respondent shall utilize the search terms utilized in *Boe* to search the WPATH "Listserv" from the SOC-8 development and publication process.

**REQUEST NO. 4**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search

for or produce anything related to Request No. 4.

**REQUEST NO. 5**

The motion to quash is granted in part and denied to the extent that Respondent is to supplement its response to Request No. 5. Respondent shall utilize the search terms utilized in *Boe* to search the WPATH "Listserv" from the SOC-8 development and publication process.

**REQUEST NO. 6**

The motion to quash is granted in part and denied to the extent that Respondent is to supplement its response to Request No. 6. Respondent shall utilize the search terms utilized in *Boe* to search the WPATH "Listserv" from the SOC-8 development and publication process.

**REQUEST NO. 7**

The motion to quash is granted in part and denied to the extent that Respondent is to supplement its response to Request No. 7. Respondent shall utilize the search terms utilized in *Boe* to search the WPATH "Listserv" from the SOC-8 development and publication process.

**REQUEST NO. 8**

The motion to quash is granted in part and denied to the extent that Respondent is to supplement its response to Request No. 8. Respondent shall utilize the search terms utilized in *Boe* to search the WPATH "Listserv" from the SOC-8 development and publication process.

**REQUEST NO. 9**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 9.

**REQUEST NO. 10**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to

search for or produce anything related to Request No. 10.

**REQUEST NO. 11**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 11.

**REQUEST NO. 12**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 12.

**REQUEST NO. 13**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 13.

**REQUEST NO. 14**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 14.

**REQUEST NO. 15**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 15.

**REQUEST NO. 16**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to

search for or produce anything related to Request No. 16.

**REQUEST NO. 17**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 17.

**REQUEST NO. 18**

The motion to quash is granted in part and denied to the extent that the request shall be limited in time from January 1, 2021 to March 15, 2023 and to communications related to the endorsement of SOC-8. Should any responsive documents raise First Amendment concerns, Respondent may raise those in an appropriate motion.

**REQUEST NO. 19**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 19.

**REQUEST NO. 20**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 20.

**REQUEST NO. 21**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 21.

**REQUEST NO. 22**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of

this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 22.

**REQUEST NO. 23**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 23.

**REQUEST NO. 24**

The motion to quash is granted in part; the request is limited to the following: if the Johns Hopkins University Evidence-Based Practice Center conducted a systemic review of SOC-8 and there were any communications with WPATH concerning this review, these communications shall be produced. This request is limited to January 1, 2018 through the date of publication of SOC-8.

**REQUEST NO. 25**

The motion to quash is granted, only to the following extent: the parties should work in good faith to ensure whether the document can be authenticated or whether WPATH can provide a full copy of the document(s) referenced in the article. Aside from this, Respondent is under no further obligation to search for or produce anything related to Request No. 25.

**REQUEST NO. 26**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 26.

**REQUEST NO. 27**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 27.

**REQUEST NO. 28**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 28.

**REQUEST NO. 29**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 29.

**REQUEST NO. 30**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 30.

**REQUEST NO. 31**

The motion to quash is denied to the extent that: Respondent shall search for any relevant information as limited by the Director listed as i, ii, and iii on p. 34 of 60 of Dkt. 51. Respondent raised additional concerns about whether these may be non-public hearings, and may raise those concerns through an appropriate motion for any responsive documents.

**REQUEST NO. 32**

The motion to quash is denied to the extent that, similar to Request No. 31, this request is narrowed to i, ii, and iii on p 34 of 60 of Dkt. 51.

**REQUEST NO. 33**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 33.

**REQUEST NO. 34**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 34.

**REQUEST NO. 35**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 35.

**REQUEST NO. 36**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 36.

**REQUEST NO. 37**

The motion to quash is granted in part and denied to the extent that the request shall be limited to post-SOC-8 documents, to the extent such documents exist.

**REQUEST NO. 38**

The motion to quash is granted in part and denied to the extent that the request shall be limited to post-SOC-8 documents, to the extent such documents exist.

**REQUEST NO. 39**

The motion to quash is granted in part and denied to the extent that it is limited to post-SOC-8 documents, to the extent such documents exist. The Director is to provide any further search terms for Respondent.

**REQUEST NO. 40**

The motion to quash is granted in part; the request shall be limited to post-SOC-8 documents, to

the extent such documents exist. The Director is to provide any further search terms for Respondent.

**REQUEST NO. 41**

The motion to quash is granted in part and denied to the extent that the request shall be limited to post-SOC-8 documents, to the extent such documents exist. The parties are to use the prior-agreed-upon search terms from *Boe*.

**REQUEST NO. 42**

The motion to quash is granted in part and denied to the extent that the request shall be limited to post-SOC-8 documents, to the extent such documents exist. The parties are to use the prior-agreed-upon search terms from *Boe*.

**REQUEST NO. 43**

The motion to quash is granted in part and denied to the extent that Respondent is to search for any emails between any WPATH General Counsel or the WPATH Executive Director and Jane Gordon or Howard Belodoff from September 2021 to September 2024.

**REQUEST NO. 44**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 44.

**REQUEST NO. 45**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 45.

**REQUEST NO. 46**

The motion to quash is granted in part and denied to the extent that this request shall be limited to post-SOC-8 documents, to the extent such documents exist. The parties are to use the prior-agreed-

upon search terms from *Boe*. This request is limited in time to January 1, 2021 to March 15, 2023 and is limited to communications related to the endorsement of SOC-8.

**REQUEST NO. 47**

The parties advise that this request has been withdrawn by the Director.

**REQUEST NO. 48**

The motion to quash is granted in part and denied to the extent that this request shall be limited to post-SOC-8 documents, to the extent such documents exist. The parties are to use the prior-agreed-upon search terms from *Boe* and shall also include the term Schechter. This request is limited in time to January 1, 2021 to March 15, 2023 and is limited to communications related to the endorsement of SOC-8.

**REQUEST NO. 49**

The motion to quash is granted in part and denied to the extent that this request shall be limited to post-SOC-8 documents, to the extent such documents exist. The parties are to use the prior-agreed-upon search terms from *Boe* and shall also include the term Levine. This request is limited in time to January 1, 2021 to March 15, 2023 and is limited to communications related to the endorsement of SOC-8.

**REQUEST NO. 50**

The motion to quash is granted in part and denied to the extent that this request shall be limited to post-SOC-8 documents, to the extent such documents exist. The parties are to use the prior-agreed-upon search terms from *Boe* and shall also include the new doctor(s) names listed in the request. This request is limited in time to January 1, 2021 to March 15, 2023 and is limited to communications related to the endorsement of SOC-8.

**REQUEST NO. 51**

The motion to quash is granted in part and denied to the extent that this request shall be limited

to post-SOC-8 documents, to the extent such documents exist. The parties are to use the prior-agreed-upon search terms from *Boe* and shall also include the new doctor(s) names listed in the request. This request is limited in time to January 1, 2021 to March 15, 2023 and is limited to communications related to the endorsement of SOC-8.

**REQUEST NO. 52**

The motion to quash is granted in part and denied to the extent that this request shall be limited to post-SOC-8 documents, to the extent such documents exist. The parties are to use the prior-agreed-upon search terms from *Boe* and shall also include the new doctor(s) names listed in the request. This request is limited in time to January 1, 2021 to March 15, 2023 and is limited to communications related to the endorsement of SOC-8.

**REQUEST NO. 53**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 53.

**REQUEST NO. 54**

The motion to quash is granted in part and denied to the extent that this request shall be limited to post-SOC-8 documents, to the extent such documents exist. The parties are to use the prior-agreed-upon search terms from *Boe*. This request is limited in time to January 1, 2021 to March 15, 2023 and is limited to communications related to the endorsement of SOC-8.

**REQUEST NO. 55**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 55.

**REQUEST NO. 56**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 56.

**REQUEST NO. 57**

This request has been withdrawn by the Director.

**REQUEST NO. 58**

The parties advise that this request is moot.

**REQUEST NO. 59**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 59.

**REQUEST NO. 60**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 60.

**REQUEST NO. 61**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 61.

**REQUEST NO. 62**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 62.

**REQUEST NO. 63**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 63.

**REQUEST NO. 64**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 64.

**REQUEST NO. 65**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 65.

**REQUEST NO. 66**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 66.

**REQUEST NO. 67**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 67.

**REQUEST NO. 68**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 68.

**REQUEST NO. 69**

This request is quashed as overbroad and unduly burdensome, not proportional to the needs of this case, and unlikely to lead to relevant information. Respondent is under no further obligation to search for or produce anything related to Request No. 69.

**REQUEST NO. 70**

This request has been withdrawn by the Director.

## II.     NEXT STEPS

As to next steps in this litigation, WPATH advises it can complete the searches herein by July 11, 2025 and by that same date either begin to supplement its production or identify in an appropriate log for the Director any First Amendment concerns with regard to any specific documents.

The Court hereby sets a follow-up telephonic status on July 16, 2025 at 11:00 a.m. CT. The call in information is 855-244-8681, and the participant access code is 2315 0911 461#.

**ENTERED: June 30, 2025**

_____
Hon. Keri L. Holleb Hotaling
United States Magistrate Judge